IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 06-cv-00016-PSF

JERI L. CURTIS,

      Plaintiff,

v.

JO ANNE B. BARNHART, Commissioner of Social Security,

      Defendant.

---

## ORDER ON SOCIAL SECURITY APPEAL

---

      This matter came before the Court for oral argument on September 5, 2006, at 9:30 a.m.  The Court having received the arguments and submissions of counsel enters the following Order.

## I.  BACKGROUND

      Plaintiff Jeri Curtis appeals from the decision of the Defendant Commissioner denying social security benefits.  The Commissioner's decision became final on November 1, 2005, when the Appeals Council notified plaintiff that it found no reason to review the Administrative Law Judge's ("ALJ's") decision of September 16, 2004. Plaintiff timely filed her appeal in this court on January 5, 2006.  The Social Security Administrative Record ("AR") was filed on April 11, 2006.  The Court has jurisdiction to review the final decision of the commissioner of Social Security under 42 U.S.C. § 405(g).

Ms. Curtis filed her claim for benefits on April 29, 2003, claiming an onset date of November 11, 2002.  AR 58.  In her Disability Report, Ms. Curtis explained that "[d]egenerative [d]isc [d]isease of the spine resulting in 4 back surgeries, including 3 spinal fusions" constitute her disability and limit her ability to work.  AR 93.  She contends that pain in her back and legs as well as numbness in her legs and feet limit her ability to work.  She also claimed difficulty sleeping and a limited range of motion. *Id.*

### A.  Medical Record

The medical record shows that Ms. Curtis first sought medical help prior to the relevant period on July 8, 2002, visiting Dr. Cathleen Van Buskirk for low back and lower extremity pain.  AR 204.  Dr. Van Buskirk, who had previously performed surgery on Ms. Curtis, recommended surgery to correct the severe degenerative disk disease with grade 1 spondylolisthesis, which she performed on November 19, 2002, following the alleged onset date.  AR 154-58.

On December 6, 2002, Dr. Van Buskirk performed a post-operative evaluation of Ms. Curtis, finding that she continues "to do very well."  AR 199.  Ms. Curtis continued to follow up with Dr. Van Buskirk for post-operative evaluations on January 3, 2003, February 12, 2003, and April 14, 2003.  AR 196-98.  Dr. Van Buskirk's clinical notes from these visits state that Ms. Curtis is doing well and narcotic drug use should be reduced.  *Id.*

On March 11, 2003, Dr. John Herlevich performed exploratory surgery on Ms. Curtis that resulted in the removal of a pelvic cyst.  AR 174.  Dr. Stephen Johs had

discovered the pelvic cyst during Ms. Curtis's anteroposterior fusion of the lumbar

spine.  AR 233.  Ms. Curtis was seen by Dr. Van Buskirk on April 14, 2003, reporting

increased low back pain and left leg tingling and numbness since the laparotomy,

although overall Dr. Van Buskirk reported Ms. Curtis was "doing well."  AR 196.

Ms. Curtis began physical therapy on April 21, 2003, reporting that she could lift

20 pounds and that her walking was limited due to pain.  AR 240.  The following month,

on May 19, 2003, the physical therapist recommended a return to her physician after

Ms. Curtis reported increased back pain due to "prolonged sitting and having to lift

grandson" and that therapy had not changed her pain level.  AR 237.

On August 29, 2003, Dr. Van Buskirk performed a residual functional capacity

("RFC") evaluation on Ms. Curtis, and concluded that she was restricted to occasionally

lifting and carrying up to 20 pounds; sitting for one hour at a time for a total of three

hours in an eight-hour day; standing for one hour at a time for a total of three hours in

an eight-hour day; and walking for one hour at a time for a total of four hours in an

eight-hour day.  AR 250-54.  Dr. Van Buskirk further restricted Ms. Curtis to

occasionally climbing stairs, kneeling, and balancing.  Ms. Curtis was directed to not

climb ladders or scaffolds, stoop, crouch or crawl.

Dr. Van Buskirk referred Ms. Curtis to Dr. Daniel Bennett for pain management

consultation, who examined Ms. Curtis on December 1, 2003.  AR 264-67.  Dr. Van

Buskirk also evaluated Ms. Curtis on December 15, 2003, finding good bony formation

and partial fusion, but also diagnosing a "[d]elayed union."  AR 262.  A visit to Dr. Van

Buskirk on February 18, 2004 indicated "a solid fusion at L2-3."  AR 281.  But "[s]he still

has a delayed union of L3-L5 anteriorly.  However, posteriorly she looks like she has good fusion." *Id.* Ms. Curtis continued to  visit Dr. Van Buskirk in May and November of 2004.  AR 282-83.  During these visits, Dr. Van Buskirk evaluated Ms Curtis's pain levels; however none of the evaluations specifically alters the August 29, 2003 RFC finding.

On August 26, 2004 (after the hearing before the ALJ held on August 10, 2004, but before the written decision was issued), Ms. Curtis underwent a new RFC evaluation, signed by Physician's Assistant Mark K. Spencer.  Ex. 1, attached to Pl.'s Op. Br. (not in the record, added without objection by defendant).  The new RFC limited Ms. Curtis to occasionally lifting and carrying up to 20 pounds; sitting for 30 minutes at a time for a total of three hours in an eight-hour day; standing for fifteen minutes at a time for a total of one hour in an eight-hour day; and walking for fifteen minutes at a time for a total of one hour in an eight-hour day.  The RFC also noted that Ms. Curtis would be required to miss work more than three times a month.  *Id.* Dr. Van Buskirk agreed with PA Spencer's evaluation.  There is no evidence that Dr. Van Buskirk, as claimant's treating physician, was present during this evaluation, although at the hearing before the undersigned, plaintiff represented that the evaluation and conclusions were those of Dr. Van Buskirk.  *See* Tr. 3:21-5:7.

**B.  The ALJ's Decision**

At the August 10, 2004 hearing, Ms. Curtis was represented by counsel.  A vocational expert, Thomas Audet, testified.  AR 311-19.  Based on Dr. Van Buskirk's August 29, 2003 RFC, Mr. Audet testified that Ms. Curtis could return to her previous

work as a teller.  AR 316.  The ALJ issued a decision denying benefits on September 16, 2004.

In his written decision, the ALJ denied Ms. Curtis's application for benefits at step four of the five-step sequential evaluation process.  AR 38.  In reaching this determination, the ALJ first determined that Ms. Curtis has not engaged in substantial gainful activity since November 11, 2002.  AR 33.  He next found that Ms. Curtis's spondylolisthesis at L4-5 and "status post four back surgeries" constitute a severe impairment within the meaning of 20 C.F.R. § 404.1521 and S.S.R. Nos. 85-28 and 96-3p.  AR 33.  The ALJ found, however, that Ms. Curtis's condition—either physical or mental—did not meet any listed impairments of Appendix 1 of the Social Security Regulations.  AR 34.

Turning to Ms. Curtis's Residual functional capacity ("RFC"), the ALJ determined that Ms. Curtis could

> lift and carry up to twenty pounds, sit for one hour at a time for a total of three hours out of an eight hour day, stand for one hour at a time for a total of three hours out of an eight hour day, and walk one hour at a time for a total of four hours out of an eight hour day.  The claimant is not able to climb ladders, ropes and scaffolding but is able to occasionally climb stairs and ramps, kneel and balance. She is not able to stoop, crouch and crawl.  She needs to avoid work at unprotected heights, around moving mechanical parts and vibrations.

AR 38-39.  This determination was made after considering seven primary factors: daily activities; the nature, location, onset, duration, frequency, radiation, and intensity of symptoms; precipitating and aggravating factors; medication; treatment; any other measures used to relieve pain symptoms; and any other relevant factors concerning

the claimant's functional limitations and restrictions.  AR 34-35.  The ALJ apparently gave full weight to Dr. Van Buskirk's December 15, 2003 RFC determination, which matches the ALJ's RFC finding.  He rejected Dr. Van Buskirk's August 26, 2004 RFC finding, stating that it "appears that Dr. Van Buskirk has not seen the claimant since December 2003," and for the same reason rejected a note of Dr. Van Buskirk dated August 9, 2004, which stated that it is unlikely Ms. Curtis will be able to return to meaningful productive employment.  AR 36.  He found the earlier August 2003 RFC to be consistent with the record, but "a lack of any support for" the August 2004 RFC.

The ALJ also reviewed Ms. Curtis's daily activities finding Ms. Curtis "is able to manage her own personal care and hygiene except for caring for her feet."  AR 36. The ALJ described Ms. Curtis's daily activities, which included dusting, cooking, cleaning, and doing laundry on a daily basis; going grocery shopping on a weekly basis; and attending movies or concerts on a monthly basis.  After reviewing the testimony, the ALJ found the credibility of Ms. Curtis to be "not fully reliable."  AR 37. Based on Ms. Curtis's activity report and the hearing testimony, the ALJ found "the claimant's actual activities speak to a level of functioning considerably greater than that alleged."  AR 37.

Although the ALJ found severe physical impairments as noted above, the ALJ found that Ms. Curtis "retains the residual functional capacity to perform her past relevant work."  AR 38.  Therefore, he held that Ms. Curtis was not disabled within the meaning of the Social Security Act, particularly Social Security Ruling 82-61.  *Id.*

## II.  PLAINTIFF'S APPEAL

Ms. Curtis alleges that the ALJ erred in his denial of benefits because the RFC established "is contrary to the restrictions imposed by Dr. Van Buskirk and not supported by the record evidence." Pl.'s Op. Br. at 7.  Specifically, she claims that the ALJ failed to apply the correct legal standard to Dr. Van Buskirk's August 26, 2004 RFC finding.  *Id.*  In support of this argument, Ms. Curtis first alleges dual error in that the ALJ's assumption that Dr. Van Buskirk has not examined her since December 15, 2003 is wrong, and claims that the ALJ incorrectly read the December 15, 2003 report.  Pl.'s Op. Br. at 8-9.  Second, Ms. Curtis alleges that it is unclear what weight, if any, the ALJ gave to Dr. Van Buskirk's August 26, 2004 RFC finding.  *Id.* at 8.  Third, Ms. Curtis challenges the ALJ's credibility determination because the ALJ failed to consider Ms. Curtis's increased pain and the August 26, 2004 RFC.  Finally, Ms. Curtis alleges the ALJ failed to make a finding pertaining to Dr. Van Buskirk's opinion that Ms. Curtis would miss more than three days of work per month.  *Id.* at 9.  Defendant argues that substantial evidence on the record as a whole supports the ALJ's determination the Ms. Curtis was not disabled.  Def.'s Resp. Br. at 8.

The Social Security Appeals Council ("AC") declined to review the ALJ's decision.  AR 5.  It appears that the AC reviewed new evidence submitted by Ms. Curtis—Dr. Van Buskirk's clinical notes from February 18, 2004, May 17, 2004, and November 15, 2004—and incorporated that evidence into the record as required by 20 C.F.R. § 404.970.  *See also Martinez v. Barnhart*, 444 F. 3d 1201 (10th Cir. 2006).  The

AC found that the new evidence did not provide a basis for changing the ALJ's decision.  AR 5-6, 8.

## III.  STANDARD OF REVIEW

When a federal court reviews the Commissioner of Social Security's decision to deny social security benefits, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner.  *White v. Barnhart*, 287 F.3d 903, 905 (10th Cir. 2001). The court's job is to decide whether substantial evidence in the record supports the Commissioner's factual findings as a whole and whether the Commissioner applied correct legal standards.  *Id.*, *Castellano v. Sec'y of Health and Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994).

Substantial evidence is defined as more than a scintilla, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *See e.g. Soliz v. Chater*, 82 F.3d 373, 375 (10th Cir. 1996); *Sorenson v. Bowen*, 888 F.2d 706, 710 (10th Cir. 1989).  Put another way, if other evidence in the record overwhelms the Commissioner's determination, or if only a mere scintilla of evidence supports the decision, it is not based upon substantial evidence.  *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985).  The Commissioner's decision may also be reversed for application of the wrong legal standard.  *Bernal v. Bowen*, 851 F.2d 297, 299 (10th Cir. 1988) (citing *Frey v. Bowen*, 816 F.2d 508, 512 (10th Cir. 1987)).

## IV.  ANALYSIS

As described above, Ms. Curtis has undergone four back surgeries and a laparotomy to remove a pelvic cyst.  She alleges she suffers from chronic back pain and is disabled as a result.  Following the most recent back surgery, Dr. Van Buskirk evaluated Ms. Curtis's RFC in August of 2003.  AR 250-54.  This assessment would allow Ms. Curtis to continue work as a teller, one of her past recent jobs.  *See* AR 316 (testimony of vocational expert).  On August 26, 2004, a new RFC was performed, the results of which were adopted by Dr. Van Buskirk.  Ex. 1 to Pl.'s Op. Br.  The new RFC would not allow Ms. Curtis to return to work in her former job as a teller, and is allegedly based upon Ms. Curtis's back failing to heal properly and ongoing debilitating back pain.

Ms. Curtis contends that the ALJ failed to properly consider Dr. Van Buskirk's August 26, 2004 RFC finding.  She argues that it should be given controlling weight because Dr. Van Buskirk is the treating physician and her opinion is consistent with the record.  Pl.'s Op. Br. at 8.  The ALJ rejected Dr. Van Buskirk's August 2004 RFC opinion as not supported by the record, including "no notes of recent physical examination at all."  AR 36.

An ALJ must give "good reasons" for the weight assigned to a treating physician's, such as Dr. Van Buskirk's, opinion.  *See Watkins v. Barnhart*, 350 F.3d 1297, 1301 (10th Cir. 2003).  Although Ms. Curtis acknowledges that "the ALJ did make specific findings explaining the weight assigned to Dr. Van Buskirk's latest restrictions,"

Pl.'s Op. Br. at 8, she contends that the ALJ's reasons for rejecting the opinion are not "good reasons" as required by *Watkins*.  Specifically, she claims that the ALJ erroneously interpreted Dr. Van Buskirk's December 15, 2003 report diagnosing a delayed union.  *See* AR 262.  Also, in rejecting the later RFC, the ALJ assumed that she had not been seen again by Dr. Van Buskirk, an assumption ostensibly proved erroneous by additional evidence presented to the AC and part of the administrative record.  *See* AR 281-83; *see also Threet v. Barnhart*, 353 F.3d 1185, 1191 (10th Cir. 2003) (new evidence submitted to the Appeals Council becomes a part of the administrative record to be considered when evaluating the Commissioner's decision for substantial evidence).

The evidence presented to the Appeals Council by Ms. Curtis—specifically Dr. Van Buskirk's clinical notes from February 18, 2004 and May 17, 2004—calls into question the legitimacy of the ALJ's reasons for rejecting Dr. Van Buskirk's latest RFC. The ALJ must reweigh the evidence in light of those notes and determine whether Dr. Van Buskirk's later opinion deserves any weight.  The additional medical records may show a change in RFC is warranted and that the later RFC is perhaps supported by the record and should be given controlling weight.  *See McGoffin v. Barnhart*, 288 F.3d 1248, 1252 (10th Cir. 2002) (a treating physician's well-supported opinion should be given controlling weight where it is not inconsistent with other substantial evidence in the record).  Additionally, the ALJ's decision notes Ms. Curtis's back is benefitting from "good bony formation and fusion, healed inferior aspects and slow healing proximal aspects of the L3-4 and L4-5 femoral rings with healed inferior aspects of these rings."

10

AR 36.  However, clinical notes dated February 18, 2004 state that Ms. Curtis still suffered from a "delayed union of L3-L5 anteriorly."  AR 281.

At the hearing before the undersigned, the Commissioner took the position that despite the December 2003 medical record diagnosing a delayed union that had not healed more than three months later, there were no subsequent medical findings supporting that diagnosis and no indication that Dr. Van Buskirk even examined the plaintiff after December 2003.  *See* Tr. 21:9-15.  Under such circumstances, there would be nothing to justify the change in position from the August 2003 RFC and the August 2004 RFC.  *See id.* at 21:15-17.  However, the record before this Court clearly contains medical records showing physical examinations of plaintiff by Dr. Van Buskirk in February, May and November of 2004, detailing the delayed union as well as her ongoing pain treatment.  AR 281-83.  This apparently erroneous assumption by the ALJ requires a remand where the reasons provided for rejecting Dr. Van Buskirk's opinion are not "legitimate" in light of the complete record.  *See Doyal v. Barnhart*, 331 F.3d 758, 764 (10th Cir. 2003) (an opinion from an examining physician must be considered by an ALJ, who must provide "specific, legitimate" reasons for rejecting it).  This is especially true here, where the physician is a treating physician, and where the additional records could support a finding of a deteriorating condition (delayed union) and increased pain, justifying a change in work and activity restrictions.

The Court notes that the record is unclear as to who actually performed the RFC in August of 2004 and who actually examined the plaintiff.  The RFC itself is signed by a Physician's Assistant, but Dr. Van Buskirk has endorsed the RFC.  *See* Ex. 1 to Pl.'s

11

Op. Br.  According to plaintiff at the hearing, the restrictions are from the treating

physician, Dr. Van Buskirk, and plaintiff was examined by Dr. Van Buskirk on that day.

*See* Tr. 3:16-4:18.  Such an ambiguity may be properly resolved by the ALJ, who shall

seek additional evidence or clarification if necessary.  *See* 20 C.F.R. § 404.1512(e)(1)

("We will seek additional evidence or clarification from your medical source when the

report of your medical source contains a conflict or ambiguity that must be resolved, the

report does not contain all the necessary information, or does not appear to be based

on medically acceptable clinical and laboratory diagnostic techniques.").

As to plaintiff's credibility, the ALJ found that Ms. Curtis "is not fully credible"

because her testimony about pain was not fully supported by the record.  AR 38.  When

making a credibility determination with respect to pain, an ALJ must consider the

following factors:

> (1) whether Claimant established a pain-producing impairment by
> objective medical evidence; (2) if so, whether there is a "loose nexus"
> between the proven impairment and the Claimant's subjective allegations
> of pain; and (3) if so, whether, considering all the evidence, both objective
> and subjective, Claimant's pain is in fact disabling.

*Thompson v. Sullivan*, 987 F.2d 1482, 1488 (10th Cir 1993) (citing *Luna v. Bowen*, 834

F.2d 161, 163-64 (10th Cir. 1987)).  In making his determination, the ALJ recited the

*Luna* factors and applied them to Ms. Curtis.  The ALJ found the "claimant establishes

the nexus required under *Luna*" but inconsistencies between her limitations and actual

functioning undermine her credibility.  AR 37.  However, the rejection of Dr. Van

Buskirk's August 26, 2004 RFC and other medical documentation of her ongoing pain

and treatment may potentially lead the ALJ to reevaluate plaintiff's credibility and

12

reassess the apparent inconsistencies between her actual functioning and the medical evidence.

Finally, the ALJ did not discuss Ms. Curtis's testimony that she would be absent from work at least three days per month.  Dr. Van Buskirk's August 26, 2004 RFC also states Ms. Curtis is likely to be absent from work three days a month.  Ex. 1 to Pl.'s Op. Br.  At the hearing, the vocational expert testified that missing more than a day a month would result in job loss, rendering her unable to work.  AR 318.  As the ALJ's reasons for rejecting the August 26, 2004 RFC are reasonably called into question in light of the additional available medical documentation, Ms. Curtis's absence from work three days per month must also be reevaluated in establishing her RFC on remand.  The Court of course takes no position on the merits of these remanded issues.

## V.  CONCLUSION

For the reasons set forth above, the Court ORDERS the case REMANDED to the Commissioner of Social Security for further proceedings consistent with this opinion, including assessment of Dr. Van Buskirk's most recent evaluations and RFC and Plaintiff's RFC determination.

DATED: September 20, 2006

BY THE COURT:

*s/ Phillip S. Figa*

_____
Phillip S. Figa
United States District Judge